IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: _____ |
| v. | : | DATE FILED: _____ |
| SAMUEL MANGEL | : | VIOLATIONS: <br> 18 U.S.C. § 1343 (wire fraud - 4 counts) |
| | : | 18 U.S.C. § 1033(e)(1) (A)(engaging in business of insurance after having been convicted of a felony involving dishonesty - 1 count) |
| | : | |
| | : | Notice of Forfeiture |

### INDICTMENT

### COUNT ONE

THE GRAND JURY CHARGES THAT:

At all times material to this indictment:

1. Defendant SAMUEL MANGEL operated and ran Rumson Capital Inc. and other related companies ("Rumson"), in Jenkintown, Pennsylvania. Rumson was in the business of brokering the sale of existing life insurance policies to life settlement providers.

2. Owners of life insurance policies sold their policies to receive the more immediate payment from the sale of the policy and to no longer be required to pay the premiums on the policy.

3. The life settlement providers who purchased life insurance policies were responsible for paying the premiums on the policies and received the benefits from the policies upon the death of the insured.

4. The brokers in the sale of life insurance policies, and other agents involved

in the sales, received commissions from the sales that the life settlement providers paid.

5. The life settlement providers prepared the closing documents for the sales of life insurance policies.

6. Some states and some life settlement providers required the closing documents for the sale of life insurance policies to include full disclosure of the gross amount that the provider agreed to pay to purchase the policy, including the full commissions and the net to seller ("disclosure statements").

7. After the owner of the life insurance policy signed the closing documents for the sale of the policy, the life settlement provider paid the full commission to the broker and the net amount to the owner of the policy. The broker paid the other agents involved in the sale of the policy their share of the commission.

## THE SCHEME

8. From at least in or about 2011 to the present, defendant

**SAMUEL MANGEL**

devised and intended to devise a scheme to defraud the sellers of life insurance policies, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

9. Defendant SAMUEL MANGEL falsely and fraudulently represented to the sellers of life insurance policies that the life settlement providers had agreed to pay lower gross amounts and lower commission amounts to purchase the life insurance policies than the providers had in fact agreed to pay.

2

10. Defendant SAMUEL MANGEL falsified and fraudulently altered, and caused to be falsified and fraudulently altered, the disclosure statements in the closing documents in the sale of life insurance policies that the life settlement providers prepared, by reducing the gross amounts and the commission amounts on the disclosure statements and by removing the pages with the gross amounts and the commission amounts. Defendant MANGEL forwarded and caused to be forwarded these falsified and altered disclosure statements to the sellers of the policies for their review and signatures.

11. Defendant SAMUEL MANGEL falsified and fraudulently altered, and caused to be falsified and fraudulently altered, the disclosure statements in the closing documents in the sale of life insurance policies, by forging the signatures of the owners of the life insurance policies and causing the signatures of the owners of the policies to be forged on the disclosure statements with the actual gross amounts and the actual commission amounts that the life settlement providers agreed to pay. Defendant MANGEL forwarded and caused to be forwarded these falsified, altered, and forged disclosure statements to the life settlement providers purchasing the policies.

12. On or about each of the dates set forth below, in Jenkintown, Pennsylvania, in the Eastern District of Pennsylvania, and elsewhere, defendant

**SAMUEL MANGEL,**

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 1 | April 13, 2011 | Defendant SAMUEL MANGEL sent by electronic mail from Jenkintown, Pennsylvania, to the seller of the S.P. life insurance policy, a falsified and altered disclosure statement that falsely represented the gross purchase price to be approximately $3,525,000 and the full commission to be approximately $175,000, with the net to the owner of approximately $3,350,000. |
| 2 | April 26, 2011 | Defendant SAMUEL MANGEL caused to be sent by electronic mail from Jenkintown, Pennsylvania, to the life settlement provider purchasing the S.P. life insurance policy, a forged disclosure statement that falsely represented that the owner of the policy had signed the disclosure statement which represented the gross purchase price to be approximately $3,700,000 and the full commission to be approximately $350,000, with the net to the owner of approximately $3,350,000. |
| 3 | October 13, 2011 | Defendant SAMUEL MANGEL sent by electronic mail from Jenkintown, Pennsylvania, to the seller of the R.T. life insurance policy, a falsified and altered disclosure statement that falsely represented the full commission to be approximately $300,000, with the net to the owner of approximately $1,200,000. |
| 4 | October 25, 2011 | Defendant SAMUEL MANGEL sent by electronic mail from Jenkintown, Pennsylvania, to the life settlement provider purchasing the R.T. life insurance policy, a forged disclosure statement that falsely represented that the owner of the policy had signed his initials on the disclosure statement which represented the full commission to be approximately $400,000, with the net to the owner of approximately $1,200,000. |

All in violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES THAT:

1.  Paragraph 1 of Count One is incorporated here.

2.  Defendant SAMUEL MANGEL, through his companies, was engaged in the business of issuing premium financed insurance policies.

3.  From in or about 2007 through in or about 2008, in Jenkintown, Pennsylvania, in the Eastern District of Pennsylvania, and elsewhere, defendant

**SAMUEL MANGEL,**

after having been convicted of a criminal felony involving dishonesty, willfully engaged in the business of insurance whose activities affected interstate commerce, that is, defendant MANGEL willfully engaged in acts necessary and incidental to the issuance of approximately $7,500,000 of life insurance policies to A.G. by Lincoln Benefit Life.

In violation of Title 18, United States Code, Section 1033(e)(1)(A).

## NOTICE OF FORFEITURE

THE GRAND JURY FURTHER CHARGES THAT:

1. As a result of the violations of Title 18, United States Code, Section 1343, set forth in this indictment, defendant

**SAMUEL MANGEL**

shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of such offenses, including, but not limited to the sum of $275,000.

2. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

A TRUE BILL:

_____
GRAND JURY FOREPERSON

_Peter F. Schenck_ for
_____
**ZANE DAVID MEMEGER**
**UNITED STATES ATTORNEY**